**In re Gayle A. SOUCEK d/b/a Mutual Optical Co., Inc., Debtor.**

**Eugene CRANE, Trustee, Plaintiff,**

v.

**Gayle A. SOUCEK and Internal Revenue Service, Defendants.**

**UNITED STATES of America, Appellant,**

v.

**Eugene CRANE, Trustee, Appellee.**

**No. 85 C 2156.**

United States District Court, N.D. Illinois, E.D.

June 26, 1985.

Gregory C. Jones, U.S. Atty. by Victoria Crosley, Asst. U.S. Atty., Chicago, Ill., Glenn L. Archer, Jr., Asst. Atty. Gen. by D. Patrick Mullarkey, M. Ellen Carpenter, Tax Div., Dept. of Justice, Washington, D.C., for appellant.

Eugene Crane, Dannen, Crane, Heyman & Haas, Chicago, Ill., pro se.

## MEMORANDUM OPINION

BUA, District Judge.

The United States of America ("the government") appeals from an order entered by Bankruptcy Judge Robert Martin in No. 82 A 1804 (82 B 0037) (Bankr.N.D. Ill. October 24, 1984). The issue presented on appeal is whether the bankruptcy court erred when it awarded to the appellee $2,000 as reasonable administrative expenses incurred in the sale of debtor's business. For the reasons stated herein, the Court concludes that the bankruptcy court did not err, and the October 24, 1984 order is therefore affirmed.

## I. FACTS

In March 1980, the debtor in this case, Gayle Soucek, and a partner purchased Mutual Optical Company, the taxpayer. The business was run as a partnership from March through December 31, 1980. Gayle Soucek then operated the business as a sole proprietorship from January through March 13, 1981, at which time Mutual Optical was incorporated by the State of Illinois under the name Mutual Optical Company, Inc. ("Mutual Optical"). Mutual Optical was wholly owned by Gayle Soucek.

On January 4, 1982, Gayle Soucek filed a Chapter 7 petition in bankruptcy. Subsequently, appellee Eugene Crane accepted an appointment as Trustee to administer the assets of the bankruptcy estate. Among those assets was the 100% stock ownership of the debtor in Mutual Optical.

Prior to the filing of the Chapter 7 petition, the Internal Revenue Service had assessed federal taxes against Mutual Optical, thereby obtaining a lien against the assets of the corporation. On May 14, 1982, the Trustee filed an adversary complaint with the bankruptcy court seeking an order setting aside a transfer of the stock of Mutual Optical to the Internal Revenue Service. On June 22, 1982, the bankruptcy court entered an agreed order in which the Trustee, with the consent of the government, was given leave to sell the physical assets of Mutual Optical and to hold them until further order of the court. The assets were sold for $10,000.

The government filed a motion for summary judgment with the bankruptcy court in April 1983, claiming that, as a creditor of Mutual Optical, it was entitled to the entire fund of $10,000. The Trustee filed a response to the motion and his own motion for summary judgment, asserting that the government should be charged with the administrative costs and expenses incurred as a result of the sale of the assets pursuant to 11 U.S.C. § 506(c) and due to the consent by the government to the sale. On June 15, 1984, Judge Thomas James found that the Trustee was entitled to recover "costs and expenses arising from the sale" pursuant to § 506(c). The court directed the Trustee to submit an application for payment.

On October 24, 1984, the Trustee submitted a fee application in which he sought an award of $5,000. Attached to the application was a statement of services rendered, submitted in support of his claim. The government filed an objection to the claim. The Honorable Robert Martin, Bankruptcy Judge, heard arguments on the application and the objection and, on October 24, 1984, entered an order awarding the

Trustee $2,000 as "reasonable and proper administrative costs pursuant to 11 U.S.C. § 506(c) and the Order of June 15, 1984."

## II. DISCUSSION

■ In reviewing a decision of the bankruptcy court, the district court must accept the factual findings of the bankruptcy court, unless those findings are clearly erroneous. Rule 8013, Rules of Bankruptcy Procedure; *Bank Hapoalim B.M., Chicago Branch v. E.L.I., Ltd.,* 42 B.R. 376, 378 (N.D.Ill.1984). This rule is derived from Rule 52(a) of the Federal Rules of Civil Procedure which states that "findings of fact shall not be set aside unless clearly erroneous...."

■ Additionally, the party who seeks reversal of the findings of the bankruptcy court has the burden of showing that the findings were clearly erroneous and not merely that the bankruptcy court could have reached another conclusion. *In Re Windor Industries, Inc.,* 459 F.Supp. 270 (D.C.Tex.1978). Accordingly, this Court may reverse the bankruptcy court's decision to award the Trustee $2,000 only if the award is shown to be clearly erroneous.

■ Under 11 U.S.C. § 506(c), a trustee is allowed to recover necessary costs and expenses of disposing of secured property. Judge James, in an opinion dated June 15, 1984, correctly applied § 506(c) to this case by stating that, while a trustee is not entitled to all of his administrative expenses, he may recover those that result from the sale of secured property. Judge James went on to state that the government should have expected that the Trustee would be compensated for his costs and expenses relating to the sale of the assets.

The government makes one argument, and one argument only, in objecting to the Trustee's award of $2,000: that the award is in excess of what the Trustee is entitled to recover under § 506(c) and Judge James'

opinion. The government calculates that the Trustee is entitled to compensation for 6.75 hours, rather than for 16 hours, as the bankruptcy court has ordered.

■ The government's interpretation of both § 506(c) and the bankruptcy court opinion is overly narrow. The Trustee is entitled to compensation for all hours [1] spent working on matters directly related to the sale of Mutual Optical's assets. Services rendered by the Trustee which are reimbursable would include, for example, the preparation of documents and court appearances aimed at setting aside the transfer of stock to the IRS in order to accept an offer to purchase the stock, and obtaining authorization to sell the assets.

■ Additionally, in cases such as this where the creditor has consented to the sale of the assets and has benefited thereby, expenses caused by the creditor are also reimbursable. *Matter of Trim-X, Inc.,* 695 F.2d 296, 301 (7th Cir.1982); *In Re Tyne,* 257 F.2d 310 (7th Cir.1958); *In Re Hotel Associates, Inc.,* 6 B.R. 108, 112 (Bkrtcy.E.D.Pa.1980). In the *Trim-X* case, the Seventh Circuit Court of Appeals stated that a trustee who had incurred additional expenses which were caused by delays on the part of the creditor was entitled to reimbursement for such expenses. *Id.*

■ In this case, the government, acting to benefit its own interests, consented to the sale of Mutual Optical's assets by the Trustee, but then caused the Trustee to incur additional expenses by refusing to pay the Trustee for this service. The Trustee is entitled to compensation for costs and fees relating to the sale of the assets under § 506(c) plus reimbursement for expenses caused by the government's refusal and delay regarding the payment of these costs and fees.

Accordingly, even a cursory review of the Trustee's Statement for Services Ren-

---

**1.** Although no hourly rate was stated in the Trustee's statement for services rendered, he requested $5,000 for 40 hours of time, a rate of $125 per hour. Similarly, the Government uses the $125 hourly rate in its calculation of the amount it alleges is owed the Trustee. This Court finds the $125 per hour rate is reasonable and consistent with attorney fees in the Chicago area. *Rybicki v. State Board of Elections of the State of Illinois,* 584 F.Supp. 849, 858 (1984).

dered, filed October 24, 1984, indicates that the Trustee is entitled to compensation for far more than the 6.75 hours the government alleges he is due. It is arguable, in fact, that the Trustee is entitled to more than the 16 hours for which reimbursement has been ordered by the bankruptcy court. Since the bankruptcy court order awarding the Trustee compensation for 16 hours of time [2] is reasonable and within the bounds of judicial discretion, however, the order will be affirmed.

### III. CONCLUSION

The bankruptcy court order of October 24, 1984, awarding the Trustee $2,000 for costs and fees relating to the sale of Mutual Optical's stock is not clearly erroneous and does not constitute a breach of judicial discretion. Accordingly, the order is affirmed. Pursuant to Bankr.R. 8014, the costs of this appeal are assessed against appellant.

IT IS SO ORDERED.

---

**2.** The bankruptcy court order did not indicate the basis of its $2,000 award. For the reasons outlined in footnote 1, *supra,* this Court assumes it was calculated on the basis of $125 per hour for 16 hours.