In re HORIZON MACHINE & ENGINEERING CORPORATION, Debtor.

Bankruptcy No. 81 B 10977.

United States Bankruptcy Court,
N.D. Illinois, E.D.

Aug. 8, 1985.

Dozoryst, Cosby & Brustein, Chicago, Ill., for debtor.

Hedberg, Tobin, Corrigan & Wolf, Chicago, Ill., for plaintiff, J.C. O'Neill.

MEMORANDUM OPINION
AND ORDER

EDWARD B. TOLES, Bankruptcy Judge.

This cause coming on to be heard upon the Objection to Claim filed by Debtor, HORIZON MACHINE & ENGINEERING CORPORATION, represented by DOZORYST, COSBY & BRUSTEIN, and upon the Response to Objection to Claim filed by Plaintiff, J.C. O'NEILL, represented by HEDBERG, TOBIN, CORRIGAN & WOLF, and the Court, having considered the record in this case and the pleadings on file, and having examined the Memoranda of Law filed by the parties in support of their respective positions, and having afforded the parties an opportunity for hearing, and being fully advised in the premises;

The Court Finds:

1. Debtor, HORIZON MACHINE & ENGINEERING CORPORATION, filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on September 4, 1981. A plan of reorganization proposed by Debtor was confirmed on March 9, 1984. The Order which confirmed Debtor's plan contemplated the retention of subject matter jurisdiction over matters which, *inter alia*, involved objections to claims against Debtor's bankruptcy estate.

2. J.C. O'NEILL [O'Neill] timely filed a proof of claim against Debtor's estate on October 4, 1982. O'Neill amended his proof of claim on May 5, 1983, listing a $5,000.00 unsecured claim owed O'Neill, as

lessor, for tax and insurance expense under an alleged oral lease of real property.

3. Debtor filed an objection to O'Neill's amended proof of claim on January 13, 1984, on the ground that O'Neill's $5,000.00 claim was the obligation of a third party, the ENNO CORPORATION [Enno], and not that of the Debtor.

4. On February 25, 1980, BEVERLY BANK & TRUST COMPANY, as trustee for Enno, entered into a real estate sales agreement which included an option to lease the subject real property located at 1749 West 124th Street, Calumet Park, Illinois. O'Neill was the owner and lessor of the real property under this February 25, 1980, Agreement.

5. The February 25, 1980, Agreement provided that Enno would occupy the subject real property on February 1, 1980, and make monthly payment for real estate taxes and insurance expense incurred respecting the leased property. However, Enno never occupied the leased premises. On February 1, 1980, Debtor occupied the leased premises pursuant to an oral sublease with Enno as sublessor and Debtor as sublessee.

6. The payments required under the sublease between Debtor and Enno were equal to the payments required under the February 25, 1980, Agreement between Enno and O'Neill. Debtor directed all payments under its sublease with Enno to O'Neill. O'Neill accepted these payments from Debtor, notwithstanding the absence of any express agreement between the parties respecting (1) the assumption by Debtor of the February 25, 1980, Agreement between Enno and O'Neill; (2) the acceptance by O'Neill of the oral sublease agreement between Debtor and Enno; or (3) the absence of any other express agreement through which O'Neill formally recognized Debtor's tenancy in the subject premises.

7. In its objection to O'Neill's claim, Debtor states that O'Neill's $5,000.00 claim for real estate taxes paid respecting the subject property, was an obligation of Enno under its February 25, 1980, Agreement with O'Neill, and that Debtor is not liable to O'Neill for any payments arising from that Agreement. In the alternative, Debtor states that O'Neill's claim, if allowed, would not be entitled to priority under section 507(a)(6) of the Bankruptcy Code, because the debt is owed to an individual (i.e., O'Neill) rather than a governmental unit.

8. O'Neill responds to Debtor's objection, by alleging the existence of an *implied* contract between Debtor and O'Neill, respecting the payment of the $5,000.00 real estate taxes which form the basis of O'Neill's claim. O'Neill also interprets section 507(a)(6) of the Bankruptcy Code to accord priority status to all debts arising from the tax liabilities listed therein, even if owed to an individual who has paid the tax liability and requests reimbursement for that payment from the debtor estate.

The Court Concludes and Further Finds:

1. A proof of claim executed and filed in accordance with the Bankruptcy Rules constitutes prima facie evidence of the validity and amount of the claim. Bankruptcy Rule 3001(f).

2. The prima facie validity of a claim may be overcome by the trustee's presentation of evidence. *Wilson v. Huffman (In re Missionary Baptist Foundation of America, Inc.)*, 712 F.2d 206, 212 (5th Cir.1983). The ultimate burden of persuasion, however, always is vested in the claimant. If the objecting party rebuts the prima facie validity of the proof of claim, the claimant bears the burden of persuasion to prove the validity of the claim by a preponderance of the evidence. *See e.g. Twinton Properties Partnership v. Nidiffer (In re Twinton Properties Partnership)*, 44 B.R. 426, 429 (Bankr.M.D.Tenn. 1984).

3. Debtor presented sufficient evidence during the hearing of this matter to rebut the prima facie validity of O'Neill's amended proof of claim.

4. O'Neill has failed to establish, by a preponderance of the evidence, the existence of any express contractual agreement

between himself and Debtor which would validate his claim against Debtor's estate.

5. Under Illinois law, as applicable to these proceedings, a contract implied in fact may be inferred from circumstances showing that the parties intended to contract or by circumstances showing the general course of dealing between the parties. *United States v. O. Frank Heinz Construction Co.*, 300 F.Supp. 396, 399 (S.D.Ill. 1969). A contract implied in fact must contain all the elements of an express contract. 300 F.Supp. at 399.

6. O'Neill has failed to establish, by a preponderance of the evidence, the existence of a contract implied in fact between himself and the Debtor which would validate his claim against Debtor's estate. In this case, the Debtor's conduct has been explained to the satisfaction of the Court, as arising from a sublease agreement between Debtor and Enno to which O'Neill was not a party.

7. Under Illinois law, as applicable to these proceedings, a contract implied in law arises independent of any agreement or consent by the parties. *A.H. Gruetzmacher & Co. v. Massey-Ferguson, Inc.*, 512 F.Supp. 194, 199 (N.D.Ill.1981). An implied-in-law contract is equitable in nature and is predicated upon the principle that one should not be unjustly enriched at another's expense. 512 F.Supp. at 199.

8. O'Neill has failed to establish by a preponderance of the evidence, the existence of a contract implied in law between himself and Debtor which would validate his claim against Debtor's estate. The proof presented in this matter was sufficient to establish that Debtor paid consideration to Enno for its occupancy of the subject premises, and that this consideration took the form of Debtor's direct payments to O'Neill. The Court is not convinced, by O'Neill's presentation with reference to this matter, that Debtor was unjustly enriched by virtue of its occupation of the subject premises.

9. O'Neill's amended proof of claim filed against Debtor's estate is disallowed.

10. In light of the Court's disposition of the issue of the validity of O'Neill's claim, the Court does not reach the issue of whether such claim, if proved, would be entitled to priority under section 507(a)(6) of the Bankruptcy Code. 11 U.S.C. § 507(a)(6).

11. This cause constitutes a core proceeding. 28 U.S.C. § 157(a).

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Objection to Claim filed by Debtor, HORIZON MACHINE & ENGINEERING CORPORATION, against J.C. O'NEILL be, and the same is hereby sustained.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Amended Proof of Claim filed May 5, 1983, by J.C. O'NEILL be, and the same is hereby disallowed.