**SURF WALK CONDOMINIUM ASSOCIATION, Appellant,**

v.

**Paul C. WILDMAN, et al., Appellees.**

No. 87 C 3411.

United States District Court, N.D. Illinois, E.D.

March 18, 1988.

---

Ronald M. Brown, Brown & Shinitsky Chtd., Chicago, Ill., for appellant.

Harold L. Moskowitz, Robbins, Rubinstein, Salomon & Greenblatt, Ltd., Chicago, Ill., for appellees.

## MEMORANDUM OPINION AND ORDER

HOLDERMAN, District Judge:

This case is an appeal from the final judgment of the United States Bankruptcy Court entered February 20, 1987 on the claim of Surf Walk Condominium Association ("Surf Walk" or "Claimants") against the estates of Paul C. Wildman, Steven Horowitz, Stephen Wolf, Kenneth W. Fogelberg, and Stuart D. Kaiserman ("Debtors"). Surf Walk appeals from that part of the judgment which denied all claims except the claim which concerned the defective roof. Debtors appeal from the portion of the judge's ruling which assessed damages against them in the amount of $4,860.00.

## BACKGROUND

The appellees are developers of an 8-unit building at 435 West Surf Street, Chicago, Illinois. Appellant Surf Walk represents the owners of the units who purchased their condominiums at various times between 1979 and 1981.

In 1981, the appellees filed for reorganization under Chapter 11 of the Bankruptcy Code. Surf Walk filed its claim for $117,813.00 against the bankruptcy estates of each of the individual Debtors on November 1, 1983. The claim alleges that the Debtors failed to provide certain amenities entirely and improperly constructed other improvements. As a result, Surf Walk claimed that Debtors were liable for the cost of replacement or repair of these improvements.

On July 20, 1984 the Debtors filed an objection to Surf Walk's claim, contending that they did not owe any sum whatsoever to the Claimants.

On August 30, 1984 Judge Robert Merrick confirmed the Plans of Reorganization and then resigned. This case was reassigned to Judge Jack Schmetterer after his appointment in October 1985.

On August 22, 1986 the parties filed a joint pretrial statement which identified two dispositive issues for trial. The first issue concerned the identity of the ultimate developer of the building.[1] The second issue was to determine the amount of damages. The parties noted that "[o]nly if the first issue is decided against the Debtors need a trial occur on the second issue." (Joint Pretrial Statement at 3).

On August 25, 1986 the court bifurcated the trial into a hearing on liability followed by a hearing on damages. The court set the date of the first phase of trial for December 8, 1986, but did not limit the first phase of the trial to the developer issue. The court declared in its pretrial order that the first phase of the trial would determine all aspects of liability. (Tr. 12/8/86 at 7, 8; Tr. 12/9/86 at 6–18).

On the day of the trial, the Debtors filed a Motion to Amend Objections to Surf Walk's claim and the Claimants responded. The court granted the motion *nunc pro tunc* on December 10, 1986. As a result of the motion, the court permitted Debtors to address the issues in the first phase of the trial which were not identified by the pretrial statement.

After trial on the liability issue, the court found for Surf Walk to the extent of damages to the roof, but found debtors not liable for any other defects in construction. On February 6, 1987 the court conducted the damages phase of the trial and found Debtors liable to the Claimants for $4,860.00.

Surf Walk presents two issues on this appeal. First, Surf Walk contends that the bankruptcy judge abused his discretion by bifurcating the trial in contravention of the parties' pretrial statement. Second, Surf Walk requests this court to remand the case back to the bankruptcy court to determine liability on the claims which were not rebutted by the Debtors.

Debtors have filed a cross appeal. Debtors assert that the court erred in setting the amount of damages for the defective roof by relying on the Claimant's initial claim. Second, debtors assert that the court erred in finding that the Claimants met their burden of proof on the implied warranty of habitability issue regarding the roof.

## DISCUSSION

When a district court reviews a decision of the bankruptcy court, the district court must accept the bankruptcy court's findings of fact unless they are clearly erroneous. *In re Kimzey*, 761 F.2d 421, 423 (7th Cir.1985); *Matter of Evanston Motor Co., Inc.*, 735 F.2d 1029, 1031 (7th Cir.1984); *In re Sanabria*, 52 B.R. 75, 76 (N.D.Ill.1985); *In re Soucek*, 50 B.R. 753, 755 (N.D.Ill. 1985); Bankruptcy Rule 8013. However, a district court can reach its own conclusions of law on appeal from the bankruptcy court. *In re Ellis*, 66 B.R. 821, 823 (N.D.

---

1. Surf Walk claimed that the Debtors developed the building; the Debtors, on the other hand, claimed that the Debtors' corporate sales agent, Hogan & Farwell, was the developer.

Ill.1986); *In re Sanabria,* 52 B.R. at 76. The party who seeks reversal of the findings of the bankruptcy court has the burden of showing that the findings were clearly erroneous and not merely that the bankruptcy court could have reached another conclusion. *In re Soucek,* 50 B.R. at 755.

### A. *Bifurcation*

Surf Walk first claims that the bankruptcy judge abused his discretion by bifurcating the trial into (1) a hearing on the entire question of liability, and then (2) a hearing on the question of damages. The bankruptcy judge bifurcated the trial pursuant to Bankruptcy Rule 7042, which states that Fed.R.Civ.P. 42 applies in adversary bankruptcy proceedings. Rule 42(b) gives the judge the power to order a separate trial of any claim or issue in order to promote convenience or to avoid prejudice, or when separate trial will expedite the resolution of the controversy. *See MCI Communications v. American Telephone & Telegraph Co.,* 708 F.2d 1081, 1167 (7th Cir.1983).

The decision whether to bifurcate a trial is necessarily committed to the discretion of the bankruptcy judge. *Davis v. Freels,* 583 F.2d 337, 343 (7th Cir.1978); *In re Master Key Antitrust Litigation,* 528 F.2d 5, 14 (2d Cir.1975); *Midwest Community Council v. Chicago Park District,* 98 F.R. D. 491, 499 (N.D.Ill.1983). Matters and decisions within the discretion of the bankruptcy judge will not be disturbed unless this court finds that no reasonable man could agree with the decision. *In re AM Intern., Inc.,* 67 B.R. 79, 81 (N.D.Ill.1986). *See also Deitchman v. E.R. Squibb & Sons, Inc.,* 740 F.2d 556, 563 (7th Cir.1984).

■ In this case, the bankruptcy judge's decision to bifurcate the trial into the traditional phases of liability and damages was more than reasonable. The court docketed its pretrial order on August 28, 1986—more than three months before the trial date. The pretrial order states in boldface type that the judge intended to try only the issue of liability on the first trial date. If the parties believed the court's order to be ambiguous, they could have moved the court for clarification or brought an objection to the court before the first day of trial. However, neither party raised the issue with the judge before the trial opened.

■ Appellant argues that the judge abused his discretion by disregarding the proposed bifurcation in the parties' joint pretrial statement. However, the judge is not bound by the terms of the parties' pretrial submissions in defining his final pretrial order. The Seventh Circuit has described a much more active role for judges in controlling the litigation before them:

> A judge acts not as a mere moderator, but as the governor of the trial for the purpose of assuring its proper conduct and of determining questions of law. The trial judge must meet situations as they arise and to do this must have broad power to cope with the complexities inherent in the adversary process. The judge's control over the proceedings must necessarily be substantial.

*Caruth v. Pinkney,* 683 F.2d 1044, 1051 (7th Cir.1982) (citations omitted). This court cannot find that the judge's decision constituted an abuse of discretion.

■ Nor did the court err by refusing to permit Claimants to produce evidence of defects in the building (other than with respect to the roof) at the damage phase of the trial. Claimants assert that the judge's refusal rendered "conclusive and irrebuttable" the testimony of the Debtors' witness. (Appellant's Brief at 18). However, Claimants' argument is not persuasive. At the first hearing the judge offered each party the opportunity to present whatever evidence they had on the issue of liability. (Tr. 12/8/86 at 7). Claimants failed to produce evidence of liability because they believed that the first hearing was limited to the narrow issue of who was the developer. However, the judge's pretrial order gave Claimants more than three months' notice that the initial phase of the trial encompassed *all* liability issues. Claimants cannot now claim that they were unable to rebut Debtors' evidence.

## B. *Evidence and Damages*

Both parties assert on appeal that the bankruptcy judge weighed the evidence improperly and misunderstood the burdens of proof in bankruptcy cases. During the liability phase of the trial, the judge concluded that the evidence that the Claimants presented was not sufficient to show any breach of contract or breach of warranty, except as to defects in the structure of the roof. Moreover, after neither party produced evidence at the damages phase of the trial, the judge calculated Claimants' damages based upon the repair estimate appended to their initial claim.

Bankruptcy Rule 3001 states that a "proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Courts have allowed debtors and trustees to overcome the prima facie validity of a claim by presenting evidence in support of their objections. *In re Koontz Aviation, Inc.,* 71 B.R. 608, 610 (Bankrtcy.D.Kan.1987); *In re VTN, Inc.,* 69 B.R. 1005, 1008 (Bkrtcy.S.D.Fla. 1987); *In re Wells,* 51 B.R. 563, 566 (D.Col. 1985). This evidence generally must be of a probative force equal to that of the allegations in the proofs of claim themselves. *In re Delorean Motor Co. Litigation,* 59 B.R. 329, 336–37 (E.D.Mich.1986); *Matter of King Resources Co.,* 20 B.R. 191, 197 (D.Col.1982). However, the burden of persuasion to prove the validity of the claim remains at all times on the Claimants. Once the debtor has presented evidence to rebut the Claimants' prima facie evidence, the Claimants must prove their claim by a preponderance of the evidence. *In re Horizon Machine & Engineering Corp.,* 54 B.R. 669, 670 (Bkrtcy.N.D.Ill.1985).

■ In this case, the Claimants filed a properly executed Proof of Claim. Surf Walk claimed that Debtors owed Claimants $117,813.00 for "failure and refusal to deliver condominium unit [sic] sold by him and them in accordance with Contracts and specifications and City and Comdominium [sic] Declarations and as advertises [sic] and sold by them and him to the Condominium Association...." This claim provided prima facie evidence of the validity and amount of the claim.

■ Debtors, in turn, presented the testimony of Kenneth Fogelberg, one of the Debtors, to rebut the allegations of the Proof of Claim. Mr. Fogelberg testified on direct examination that during the rehabilitation, the contractors gutted the entire building and replaced the roof in its entirety. (Tr. 12/8/86 at 102). He recalled that the contractors replaced the water main; insulated the exterior walls except for the exposed brick areas; replaced all windows and storm windows; and installed a new security system which was completely wired to each unit. (Tr. 12/8/86 at 101–05). Mr. Fogelberg further testified on direct that all of the reconstruction met with the approval of the City of Chicago building inspectors. (Tr. 12/8/86 at 108).

On cross-examination, Mr. Fogelberg revealed that although the security system did not include a television monitor, the contractors did not promise such a monitor as a part of the system, and so they did not breach a contract by not providing one. (Tr. 12/9/86 at 52). He testified that the contractors put security locks on all patio windows and doors; that all plumbing was drained in a single outlet; and that all windows and storm doors were properly installed. (Tr. 12/9/86 at 59–63). He testified that he did not recall whether the clothes dryers were vented to the outside of the building, but believed that all dryers were electric and could be safely vented into the interior of the building or into the wall. (Tr. 12/9/86 at 56–57).[2]

At the close of the Debtors' evidence, the bankruptcy judge ruled that the Debtors had met their burden of going forward, and that the burden had shifted back to the Claimants to prove their claims by a preponderance of the evidence. Claimants presented the testimony of James H. McClain, the owner of one of the units in

---

**2.** Mr. Fogelberg later admitted that the dryers may have been gas operated after Claimants pointed out that each apartment advertised a gas fireplace and gas dryers. (Tr. 12/9/86 at 58, 68).

the building and the ex-President of the Surf Walk Condominium Association. Mr. McClain testified that he purchased his unit in 1979, and since then had suffered through a leaking roof. (Tr. 12/9/86 at 84). Mr. McClain also testified that in January, 1981 the water pipes burst, causing water damage in Unit 1–B; however, on cross-examination he conceded that the burst pipes could have been caused by the severity of the winter and not to a defect in construction. (Tr. 12/9/86 at 90). After Mr. McClain's testimony, the Claimants rested their case.

■ Given this evidence, the bankruptcy judge neither made clearly erroneous factual findings nor misapplied the structure of proof. The judge's conclusion that Mr. Fogelberg's testimony was probative enough to rebut the Claimant's prima facie case was not unreasonable. Mr. Fogelberg testified in some detail to many of the alleged defects and asserted affirmatively that the building complied in all respects with the Chicago building code and contract specifications. He admitted that his recall concerning the details of the construction was sketchy on some specific issues. However, the judge's conclusion that his overall testimony was of sufficient probative value to rebut the allegations in the proof of claim was reasonable.[3]

■ Moreover, it was not unreasonable for the judge to conclude that Claimants failed to prove their claims by a preponderance of the evidence. Claimants appended to their Proof of Claim estimates prepared by two different companies. These repair proposals listed the alleged property defects and the amount each company planned to charge for restoring the building to its intended condition. However, because these proposals were not signed or sworn to, it was not unreasonable for the judge to afford them little weight in considering the evidence. Claimants' only other evidence was Mr. McClain's testimony.

However, Mr. McClain's testimony was unspecific and concerned only the defects in the roof. This court simply cannot find that the judge was clearly erroneous in concluding that the Claimants failed to prove their claims by a preponderance of the evidence.

■ The Debtors assert in their appeal that the bankruptcy judge erred by finding that the Claimants met their burden of proving that the defective roof construction breached the implied warranty of habitability. However, the judge's findings of fact clearly state that the Debtors breached their *contracts* with the purchasers by providing the defective roof. This finding as enough to sustain the Debtors' liability.

■ Finally, the Debtors assert that the bankruptcy judge erred by considering only Claimants' repair estimates before deciding on a damage amount. They claim that because the Claimants rested at the damages phase of the trial without presenting any evidence whatsoever on the damages issue, Claimants failed to prove the amount of their claim by a preponderance. However, Debtors also rested their case without producing evidence at the damages phase of the trial. Thus, they failed to meet their burden of going forward with evidence to rebut the Proof of Claims, which stand as prima facie evidence of the validity *and amount* of the claim. Bankruptcy Rule 3001. Consequently, the judge's decision to rely on the Proof of Claim for a damages amount was reasonable.

### CONCLUSION

For the foregoing reasons, the decision of the bankruptcy judge is AFFIRMED.

---

**3.** Claimants assert that Debtors' evidence was inadequate because they failed to produce evidence on each specific defect listed on the repair estimates. However, Debtors were not required to produce evidence on each element of the total repair estimate. These estimates were not sworn to or signed, and therefore were only exhibits to the claim. Debtors produced evidence on the underlying issue: whether Debtors breached their contracts or warranties or violated the Chicago building code. No further production was necessary.