**In re CIRCLE J DAIRY, INC.,
Debtor-in-Possession.**

**Bankruptcy No. FA 85–139M.**

United States Bankruptcy Court,
W.D. Arkansas,
Fayetteville Division.

Oct. 18, 1988.

William R. Gibson, Fayetteville, Ark., for debtor.

Mark Lindsay, Fayetteville, Ark., for First Nat'l Bank.

James Dunn, Fort Smith, Ark., for Agristor, Inc.

Thomas Carroll, III, Little Rock, Ark., for Dairy Farm Leasing.

### ORDER

JAMES G. MIXON, Bankruptcy Judge.

On August 22, 1985, Circle J Dairy, Inc., filed a voluntary petition for relief under the provisions of chapter 11 of the United States Bankruptcy Code. On April 8, 1988, Dairy Farm Leasing Company (Dairy Farm Leasing) filed an unsecured claim in the sum of $268,203.70. The debtor-in-possession, First National Bank of Fayetteville, Arkansas, and Agristor Leasing have filed objections to Dairy Farm Leasing's claim. The three objections were consolidated for a trial in Fayetteville, Arkansas, on August 29, 1988.

The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). The Court has jurisdiction to enter a final judgment in the case.

At the trial, the attorney for the debtor-in-possession introduced the proof of claim of Dairy Farm Leasing as a joint exhibit for the three objecting parties and then rested. The two objecting creditors rested without presenting any evidence other than the joint exhibit. Counsel for Dairy Farm Leasing moved that the objections be overruled because the objecting parties had failed to meet their burden of going forward with evidence. The question presented is which party bears the burden of proof in a hearing on an objection to a claim.

The phrase "burden of proof" refers to two distinct concepts, applicable at different stages of a court proceeding. The phrase may refer to (1) the risk of nonpersuasion or the burden of persuasion or (2) the burden of going forward with the evidence. *See* 9 J. Wigmore, *Evidence in Trials at Common Law* §§ 2485–2489 (Chadbourn rev. 1981). Both concepts are applicable in a hearing on an objection to claim.

11 U.S.C. § 501(a) allows a creditor to file a proof of claim in a case. 11 U.S.C. § 502(a) provides that a claim, proof of which is filed under § 501, is deemed al-

lowed unless a party in interest objects. *See* 3 *Collier on Bankruptcy* ¶ 502.01[2] (15th ed. 1988). In a chapter 11 case, it is not always necessary that a creditor file a proof of claim to share in distribution. A claim must be filed if the debtor lists the claim as disputed, contingent or unliquidated, the creditor disagrees with the amount of the claim listed in the debtor's schedules, or the court orders claims to be filed. *See* 11 U.S.C. § 1111(a); Bankruptcy Rule 3003(b)(1); 3 *Collier on Bankruptcy* ¶ 501.01 (15th ed. 1988). Bankruptcy Rule 3001(f) states the evidentiary effect of the filing of a proof of claim:

> A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim.

The Bankruptcy Code does not specifically prescribe whether the claimant or the objecting party carries the burden of proof in a hearing on an objection to a claim. Bankruptcy Rule 3007, which governs the procedure applicable to objections to claims, also fails to address the issue of burden of proof. Analyzing the issue by analogy to procedures in civil litigation is helpful; however, procedures applicable in civil litigation are sometimes difficult to apply in bankruptcy proceedings because it is not always clear which party is the equivalent of a plaintiff and which party is the equivalent of a defendant. *See In re Mendenhall*, 54 B.R. 44, 46 (Bankr.W.D. Ark.1985). Generally, in civil litigation, the moving party who seeks to change the present state of affairs has the ultimate burden of proving its allegations. *Reliance Life Ins. Co. v. Burgess*, 112 F.2d 234 (8th Cir.), *cert. denied*, 311 U.S. 699, 61 S.Ct. 137, 85 L.Ed. 453 (1940); E. Cleary, *McCormick on Evidence*, § 337 (3d ed. 1984).

Cases which have considered the issue of burden of proof in a hearing on an objection to claim have generally followed the procedure outlined in *California State Bd. of Equalization v. Official Unsecured Creditors' Comm. (In re Fidelity Holding Co. Ltd.)*, 837 F.2d 696, 698 (5th Cir.1988). The court there stated:

Under Bankruptcy Rule 301(b), [identical to current Bankruptcy Rule 3001(f) ] a party correctly filing a proof of claim is deemed to have established a prima facie case against the debtor's assets. *In re WHET, Inc.*, 33 B.R. 424, 437 (D.Mass. 1983). The objecting party must then produce evidence rebutting the claimant or else the claimant will prevail. *Id.* at 437. If, however, evidence rebutting the claim is brought forth, then the claimant must produce additional evidence to "prove the validity of the claim by a preponderance of the evidence." The ultimate burden of proof always rests upon the claimant....

*See Surf Walk Condominium Ass'n v. Wildman*, 84 B.R. 511, 515 (N.D.Ill.1988); *In re Koontz Aviation, Inc.*, 71 B.R. 608, 610 (Bankr.D.Kan.1987); *In re Distrigas Corp.*, 75 B.R. 770, 772–73 (Bankr.D.Mass. 1987); *In re VTN, Inc.*, 69 B.R. 1005, 1008 (Bankr.S.D.Fla.1987); *In re Fogelberg*, 79 B.R. 368, 372 (Bankr.N.D.Ill.1986); *In re Century Inns, Inc.*, 59 B.R. 507, 522 (Bankr.S.D.Miss.1986); *In re Wells*, 51 B.R. 563, 566 (D.Colo.1985); 3 *Collier on Bankruptcy* ¶ 502.01[3] (15th ed. 1988).

The debtor-in-possession and the objecting creditors argue that they have introduced sufficient evidence to overcome the presumption of the validity of the claim by introducing the proof of claim itself and the supporting attachments filed with the claim. They argue that some of the documents attached to the claim do not adequately support it and that the burden has, therefore, shifted to the creditor to come forward with evidence to satisfy the alleged discrepancies. This argument must fail. The proof of claim is not evidence in a hearing concerning the merits of the claim itself; rather it is merely a pleading which is analogous to a complaint. As stated in 3 *Collier on Bankruptcy* ¶ 502.01[3] (15th ed. 1988):

> Moreover, the filing of the claim itself from a purely procedural standpoint in the dispute with the trustee, has been said to be tantamount to the filing of the complaint in a civil action. This means that in accordance with Bankruptcy Rule 9014, the trustee's formal objection to

the claim is considered to be the answer to the claim if one treats the claim ... as a complaint. Should the court not require further pleading by the claimant in response to the trustee's objection, the issues are joined on the pleadings consisting of the claim and the trustee's objection....

When ... the trustee does make his objection within the procedural guidelines of Bankruptcy Rule 9014, that trustee carries the burden of going forward with the evidence on the issue concerning his view of the validity and the amount of the claim.

*Id.* at p. 506–16 to –17 (citation and footnotes omitted). *See Simmons v. Savell (In re Simmons)*, 765 F.2d 547, 552 (5th Cir. 1985). If a proof of claim is analogous to a complaint, the objecting parties' introduction of the proof of claim would only establish from an evidentiary standpoint that a claim was filed, a fact not in dispute in this case. The objecting parties' argument that introducing the proof of claim satisfies their burden of coming forward with evidence is demonstratively without merit.

The objections to the claim of Dairy Farm Leasing are, therefore, overruled because of lack of evidence.

IT IS SO ORDERED.