In re Felix George DeWELDON, Debtor.

Bankruptcy No. 91–10487.

United States Bankruptcy Court,
D. Rhode Island.

Dec. 11, 1995.

Jason D. Monzack, Chapter 7 Trustee, Kirshenbaum & Kirshenbaum, Cranston, RI.

Susan Huntley, Licht & Semonoff, Providence, RI, for Alex J. Ettl and Sculpture House.

## ORDER OVERRULING DEBTOR'S OBJECTION TO CLAIMS

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on November 7, 1995, on Debtor's Objections to various claims. We took under advisement the objections to the claims of Alex J. Ettl and Sculpture House (claim numbers 10, 11, and 12). The claims of Ettl/Sculpture House stem from an agreement dated October 24, 1984, whereby Ettl agreed to enlarge six of Felix DeWeldon's Iwo Jima Monument replicas. Certain disputes arose, and on June 21, 1990, Ettl filed a complaint against Mr. DeWeldon in the Rhode Island Superior Court, alleging breach of contract. On September 18, 1990, Ettl obtained a default judgment against DeWeldon, and recorded the judgment against DeWeldon's Beacon Rock mansion in Newport, Rhode Island, and his Shenandoah County, Virginia, real estate. On December 14, 1990, DeWeldon filed a motion to vacate the Superior Court default judgment, and on February 27, 1991, he filed a Chapter 11 bankruptcy petition, staying all activity in the Superior Court. The Debtor, in his Objections, asks this Court to vacate the default and to adjudicate these claims on their merits.

At the November 7, 1995 hearing the Debtor did not appear, but the Chapter 7 Trustee argued the objection to the best of his ability. The attorney for Ettl/Sculpture House appeared and presented argument and informed the Court that Alex J. Ettl was deceased. Neither side presented any evidence, and the parties who knew the most about the dispute and the circumstances surrounding the default, Alex Ettl and Felix DeWeldon, were unavailable. Based upon the travel and the record developed thus far, we have no alternative but to overrule the Debtor's Objection to these claims.

The Creditor argues correctly that the party seeking to vacate the default has the burden of establishing one of the conditions enumerated in Rhode Island Superior Court Rule 60(b),[1] and that a meritorious defense to

---

1. Rule 60(b), similar to its federal counterpart, states:

    On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule

the cause of action exists. *See Forcier v. Forcier,* 558 A.2d 212, 214 (R.I.1989); *Metcalf v. Cerio,* 103 R.I. 157, 235 A.2d 669, 671–72 (1967). Here Mr. DeWeldon has fallen far short of the mark and has failed to sustain the burden required to vacate a default judgment. Additionally, we find that Mr. DeWeldon has failed to provide sufficient evidence to rebut the Creditor's *prima facie* case that the claims are valid. We have described the claims objection process as follows:

> 1) pursuant to Bankruptcy Rule 3001(f), the claimant establishes a prima facie case against the debtor upon the filing of its proof of claim; (2) the objecting party is then required to produce evidence to rebut the claimant's prima facie case; (3) once the objecting party produces such rebuttal evidence, the burden shifts back to the claimant "to produce additional evidence to 'prove the validity of the claim by a preponderance of the evidence.' The ultimate burden of proof always rests upon the claimant...."

*In re Colonial Bakery, Inc.,* 108 B.R. 13, 15 (Bankr.D.R.I.1989) (citing *In re Circle J Dairy, Inc.,* 92 B.R. 832, 833 (Bankr.W.D.Ark.1988)) (quoting *California State Bd. of Equalization v. Official Unsecured Creditors' Comm. (In re Fidelity Holding Co., Ltd.),* 837 F.2d 696, 698 (5th Cir.1988)); *see also In re Pontarelli,* 169 B.R. 499, 501 (Bankr.D.R.I.1994).

For the foregoing reasons, the Debtor's Objections to claims 10, 11, and 12 are overruled. Because it is undisputed that there is no equity in the real estate securing the Ettl/Sculpture House default judgment, claim number 10 is allowed as a general unsecured claim. Claim number 12, in the amount of $6,878.40, for pre-petition storage of items related to the disputed contract is allowed as a general unsecured claim, and Claim number 12, in the amount of $2,121.60, for post-petition storage, is allowed as a Chapter 11 administrative expense.

59(b); (3) fraud, ... misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no long-

Enter Judgment consistent with this Order.

er equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.
R.I.Sup.Ct.R.Civ.P. 60(b).