register be amended in accordance with this Decision.

**In re KOONTZ AVIATION, INC., Debtor.**

**Bankruptcy No. 83–20618.**

United States Bankruptcy Court, D. Kansas.

March 19, 1987.

See also, Bkrtcy., 71 B.R. 865.

Thomas M. Mullinix, Kansas City, Kan., for debtor.

Sharon A. Willis, Dist. Counsel, Missouri Dept. of Labor & Industrial Relations, Div. of Employment Security, Kansas City, Mo., H. Dean Cotton, Kansas Dept. of Human Resources, Topeka, Kan., for State.

Carol A. Park, U.S. Atty., Wichita, Kan.

## MEMORANDUM OPINION AND ORDER

BENJAMIN E. FRANKLIN, Chief Judge.

This matter came for hearing on the debtor's objection to allowance of claim No. 4 of the State of Missouri on October 7, 1986. The debtor, Koontz Aviation, Inc., appeared by and through its president, Robert Christine, and through counsel, Thomas M. Mullinix. The State of Missouri appeared by and through counsel, Sharon Willis and H. Dean Cotton. This Court ordered the State of Missouri to file a written response within ten days and took the matter under advisement.

### FINDINGS OF FACT

Based upon testimony, the file, and statements of counsel, this Court finds as follows:

1. On June 8, 1984, the State of Missouri timely filed proof of claim No. 4 for

employment taxes in the amount of $3,307.77. The proof of claim requested that all notices be sent to the Division of Employment Security, P.O. Box 59, Jefferson City, Missouri 65104. The deadline for filing claims was August 6, 1986.

2. On September 22, 1986, the debtor filed an objection to allowance of claim No. 4 of State of Missouri. The debtor stated the following reasons: (1) "The debtor is not justly and truly indebted to said claimant;" and (2) "Koontz Aviation maintained no employees and would consequently have no tax obligations to the State of Missouri." Thomas M. Mullinix, attorney for the debtor, certified that he mailed a copy of the objection to the State of Missouri, Division of Taxation, Jefferson City, Missouri.

3. On October 1, 1986, the debtor filed a "Notice of Hearing" for October 7, 1986, on the objection. Mullinix certified that he mailed the Notice of Hearing to the Division of Employment Security, P.O. Box 59, Jefferson City, Missouri 65104. The notice did *not* set a deadline for filing a written response to the objection.

4. Counsel for creditor State of Missouri, Sharon Willis, happened to be in the bankruptcy courtroom on October 7, 1986, in response to objections to claims in another case, that is, Yellow Cab of Kansas City, Inc., when the Court called the debtor's objection to Claim No. 4. She disclaimed any prior knowledge of the objection. In any event, the Court heard evidence on the objection and Willis represented the State of Missouri's interests. The debtor called the president of Koontz Aviation, Inc., Robert Christine, to testify. He testified that Koontz used independent contractors, paid day by day, rather than using "employees." However, on cross-examination, the State established that a prior state case in the Western District of Missouri Court of Appeals held that Koontz's workers were "employees" for the purpose of assessment to contributions under the Employment Security Act. This Court took the matter under advisement upon receipt of a written response to the objection by the State of Missouri within ten days and the debtor's response due ten days thereafter. The Court ordered Mullinix to file an order to this effect.

5. On October 14, 1986, the Division of Employment Security for the State of Missouri, through Sharon Willis, filed suggestions in opposition to debtor's objection to allowance of claim No. 4. The suggestions contained a copy of the prior Employment Security Act case, *Koontz Aviation, Inc. v. Labor and Industrial Relations Commission,* 650 S.W.2d 331 (W.D.Mo.App.1983).

6. On November 10, 1986, Mullinix filed and the Court signed, an Order covering the October 7, 1986 hearing.

7. On November 17, 1986, the debtor filed its reply to the State of Missouri's suggestions. The reply is entitled "Objection to Suggestions of State of Missouri, Division of Employment Security, in Opposition to the Debtor's Objection to Claim No. 4." The reply basically objected to the suggestions as untimely.

### CONCLUSIONS OF LAW

This Court will first address the debtor's reply to the State of Missouri's suggestions, entitled "Objection to Suggestions of State of Missouri, Division of Employment Security, in Opposition to the Debtor's Objection to Claim No. 4." The reply objects to the suggestions for the following reasons:

1. That said suggestions were filed out of time.

2. That the State of Missouri received notice of the objection to Claim No. 4. Said objection might have been delivered to the wrong division within the hierarchy of the taxing authority of the State of Missouri. However, said misdelivery is not sufficient to permit the State of Missouri, Division of Employment Security, to file these suggestions out of time.

The reply fails to cite any law, statutory or case law, for the above propositions.

The debtor's "Objection to Suggestions" is completely without merit for three independent reasons. First, the "Notice of Hearing" on the objection did *not* set a

deadline for filing a written response to the hearing, and there is not a bankruptcy code section or rule which prescribes a time for filing such a response. Furthermore, even if there was such a deadline set for filing a written response, this Court would allow the State of Missouri to file suggestions in this case because of the questionable notice. Mullinix mailed the copy of the objection to the wrong division. The debtor should have mailed the objection to the *Division of Employment Security* rather than the *Division of Taxation.* Finally, this Court has already ruled on this point in any event. The Court granted the State of Missouri ten days to file a written response to the objection. The State met the Court-ordered deadline.

■ The Court is now faced with the real issue: Should the Court allow the State of Missouri's claim for employment taxes in the amount of $3,307.77? The answer is yes.

The general principles a bankruptcy court follows under the Code and Rules in analyzing a claim are multi-faceted. A creditor's proper filing of a proof of claim constitutes prima facie evidence of the validity and amount of the claim pursuant to section 502(a) and Bankruptcy Rule 3001(f). Upon the filing of an objection, the trustee or debtor-in-possession is then called upon to produce evidence and show facts tending to defeat the claim. *See* 3 Collier on Bankruptcy ¶ 502.01[3] (15th ed. 1987). If the trustee or the debtor-in-possession succeeds in overcoming the prima facie effect of the proof of claim, then the burden remains on the creditor to prove the validity of the claim by a preponderance of the evidence. *Id.* In short, *Collier* states that "[w]hile the burden of ultimate persuasion is always on the claimant, and while probative force is given to the allegations in that creditor's proof of claim, the trustee or the debtor-in-possession nonetheless carries the burden of going forward to meet, overcome, or at least equalize, what operates in favor of the creditor by the force of section 502 and the Rule." *Id.*

■ Applying the general rules as to the validity (not the amount) of the claim in the present case, the State of Missouri's proper filing of the proof of claim constitutes prima facie evidence of the validity and amount of the claim. However, the debtor objected to the claim for the following reasons: (1) "The debtor is not justly and truly indebted to said claimant;" and (2) "Koontz Aviation mentioned no employees and would consequently have no tax obligation to the State of Missouri." As such, the debtor carries the burden of going forward to meet, overcome, or at least equalize, the creditor's evidence. This Court finds that Koontz Aviation met their burden of going forward by the testimony of its president, Robert Christine. He testified that Koontz used independent contractors, paid day by day, rather than using employees. Therefore, the burden of persuasion by a preponderance of the evidence is now on the State of Missouri.

Generally such a determination is left up to this Court. However, at least to the question of validity of the claim, a state court has made the determination. The Missouri Court of Appeals held that:

[T]here is competent and substantial evidence that Koontz failed to meet subsection 5(3)'s requirement that the parties be shown to be customarily engaged in an independently established occupation. That being the case, the baggage and limousine drivers were employees within the meaning of Chapter 288, and Koontz was subject to assessment for contributions under the Employment Security Act.

*Koontz Aviation, Inc. v. Labor and Industrial Relations Commission,* 650 S.W.2d 331, 334, 335 (W.D.Mo.App.1983). This Court concurs with the findings and conclusions in the earlier state court case, thus adopts and incorporates the same by reference as if reported herein.

One sub-issue, however, is still open: Is the claim of $3,307.77 correct in *amount?* Again, the answer is yes. The debtor failed to present any evidence on this point. As such, the State of Missouri's proof of claim is prima facie evidence that the amount is correct.

## ORDER

IT IS THEREFORE, BY THE COURT, ORDERED That the debtor's objection to claim No. 4 is overruled, and, that the State of Missouri's claim No. 4 of $3,307.77 is allowed.