In re Sylvester Anthony DOMME, Jr., Debtor.

UNITED STATES of America, Appellant/Defendant,

v.

Sylvester Anthony DOMME, Jr., Appellee/Plaintiff.

Civ. No. 93–1116–PFK.
Bankruptcy No. 90–13915–7.
Adv. No. 91–5076.

United States District Court, D. Kansas.

Jan. 21, 1994.

James J. Long, Trial Atty., U.S. Dept. of Justice, Washington, DC, for appellant/defendant.

William F. Kluge, III of Lambdin, Kluge & Zacharias, Wichita, KS, for appellee/plaintiff.

Harold E. Wolfe, Jr., Special Trial Counsel, West Palm Beach, FL, for appellee/plaintiff.

## MEMORANDUM AND ORDER

PATRICK F. KELLY, Chief Judge.

This matter comes before the court on the United States of America's appeal from the bankruptcy court's final order of March 12, 1993, that reduced the United States' 1981 and 1982 tax assessments against the debtor, Sylvester Anthony Domme, Jr. The United States appeals pursuant to 28 U.S.C. § 158(a). This court has reviewed the parties' briefs and the record on appeal and finds no hearing is necessary.

On March 26, 1991, Domme filed a complaint against the United States of America, Department of the Treasury, Internal Revenue Service (IRS), to determine dischargeability of taxes pursuant to 11 U.S.C. § 523(a)(1)(B). Domme requested the bankruptcy court to determine whether his federal income tax obligations for the 1981 and 1982 tax years were dischargeable, or if not dischargeable, to determine the correct amount of his tax liabilities for those tax years. On January 28, 1992, in response to the United States's motion for partial summary judgment Domme admitted his income tax liabilities for the years 1981 and 1982 were not dischargeable. Thus, the sole remaining issue was the bankruptcy court's determination of Domme's tax liabilities for 1981 and 1982.

The United States then filed a motion for summary judgment on this issue. During the years in question Domme had been involved in the distribution of cocaine, evidenced by his indictment and conviction of possession with the intent to distribute cocaine and conspiracy to possess with the intent to distribute cocaine. Although he was involved in an illegal activity that generated taxable income, Domme failed to file tax returns. Based upon testimony from his criminal trial, Domme's connection to rental, mortgage, and down payments, and his estimated living expenses based on Bureau of Labor Statistics information, the United States assessed Domme a total of $56,505.16 for income taxes.

Domme responded by denying he had earned income for the years at issue. In an affidavit supporting his response, Domme states his living expenses were minimal and that the expenses he did incur were paid from his savings which were in the form of rare coins and precious metals. Domme lived rent free with a friend, Artie Brito, who was "a small-time drug dealer." Although Domme's name appears on three real estate deeds (for 729 Grace Avenue, 601 East Sixth Street, and 1107 Lindenwood Drive, all in Panama City, Florida), Domme maintained he actually had no financial interest in them. Instead, Brito owned these properties and provided the money needed for down payments and mortgage payments. Domme was also listed as the president of Electroglyde Industries, Inc., but again asserted he had nothing to do with that entity other than to sign the articles of incorporation. According to Domme, Electroglyde Industries, Inc. was created by Brito as a front for his drug dealings.

Thus, Domme raised issues of material fact that precluded summary judgment. On July 8, 1992, the bankruptcy court directed the parties to brief "the question of which of them has the burden of proof (and therefore, the risk of nonpersuasion) given that the IRS has not filed a claim." (Bankr.Dkt. No. 77 at 4.) The bankruptcy court also directed the parties to brief the issue of "whether the IRS properly served the '90–day notice' by mailing it to the debtor's former address while he was in prison." (*Id.* at 6.) The United States moved the bankruptcy court to recon-

sider its order denying the United States's motion for summary judgment. The bankruptcy court, however, denied this motion.

On October 28 and 29, 1992, the bankruptcy court conducted the trial on Domme's complaint. The bankruptcy court issued its decision on January 19, 1993, and held the IRS bore the burden of proof. The court further "determine[d] as a question of fact the debtor's income to be $26,791.00 for 1981 and $36,019.51 for 1982, and that the IRS is entitled to taxes, penalties and interest at the statutory rates through the date of payment thereof." (Bankr.Dkt. No. 96 at 3.) The court postponed entering judgment until the parties stipulated to the proper calculations for the taxes, penalties and interest owed based upon the court's factual findings.

The parties filed their joint stipulation on February 19, 1993, which stated Domme's tax liabilities for 1981 and 1982 were $8,668.00, and $12,248.00, respectively. Accrued amounts of interest on his tax liabilities were $20,214.06 and $21,868.28 as of January 31, 1993. The penalties on Domme's 1981 and 1982 income taxes are dischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(7). On March 12, 1993, the bankruptcy court entered judgment in accordance with the parties' stipulation. The United States then filed this timely appeal.

On April 23, 1993, Domme filed an appeal of the bankruptcy court's March 12, 1993 decision and April 7, 1993 denial of Domme's motion for reconsideration. (D.Kan. No. 93–1150–MLB.) The United States filed a motion to dismiss arguing Domme's appeal was untimely. On Domme's motion, Judge Belot authorized him to withdraw his notice of appeal. In his brief on appeal in the matter currently before this court, however, Domme raises three issues which are beyond the scope of the United States's appeal and fails to address the issues raised by the United States. Because Domme did not file a cross-appeal, the issues he raises are not properly before this court and will not be addressed. *See* Fed.R.Bankr.P. 8006.

■ The district court sits as an appellate court when an appeal is taken from the bankruptcy court. See 28 U.S.C. § 1334(a). The Tenth Circuit has stated:

Just as the court of appeals may not conduct an evidentiary hearing for a bankruptcy appeal, so too a district court may not conduct such hearing when it is acting in its capacity as an appellate court. In a bankruptcy appeal, a district court may alter or amend its judgment pursuant to Fed.R.Civ.P. 59(e), but may not conduct a hearing to take additional testimony or other evidence.

*In re Branding Iron Motel,* 798 F.2d 396, 399 (10th Cir.1986). The district court may affirm, reverse or modify the bankruptcy court's ruling or remand the case for further proceedings. Fed.R.Bankr.P. 8013. The district court may not set aside the bankruptcy court's findings of fact unless they are clearly erroneous. *In re Branding Iron Motel,* 798 F.2d at 399; *see also* Fed.R.Bankr.P. 8013. The district court, however, reviews the bankruptcy court's legal determinations *de novo. In re Branding Iron Motel,* 798 F.2d at 399–400.

■ The United States argues the bankruptcy court erred in finding the government bore the ultimate burden of proof in this case. As a general rule in bankruptcy litigation a creditor files a claim pursuant to 11 U.S.C. § 501. By doing so the creditor receives the benefit of a presumption that the properly filed "proof of claim constitutes prima facie evidence of the validity and amount of the claim pursuant to section 502(a) and Bankruptcy Rule 3001(f)." *In re Koontz Aviation, Inc.,* 71 B.R. 608, 610 (Bankr. D.Kan.1987). Section 502(a) of title 11 states: "A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest ... objects." Bankruptcy Rule 3001(f) provides: "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of claim." In other words, once a claim is filed, the trustee or the debtor-in-possession "carries the burden of going forward to meet, overcome, or at least equalize, the creditor's evidence." *In re Koontz,* 71 B.R. at 610. If the debtor carries its burden, then the ultimate burden of persuasion by a preponderance of the evidence remains with the credi-

tor. *Id.; see also In re Fullmer,* 962 F.2d 1463, 1466 (10th Cir.1992).

■ In contrast, in tax litigation the IRS's "statutory notice of deficiency is presumed correct; the burden rests on the taxpayer to establish that the determination of income is erroneous." *Jones v. C.I.R.,* 903 F.2d 1301, 1303 (10th Cir.1990); *see also Welch v. Helvering,* 290 U.S. 111, 115, 54 S.Ct. 8, 9, 78 L.Ed. 212 (1933) (IRS's assessment presumed correct and taxpayer has burden of proving it wrong). Thus, the question of which burden of proof standard is applicable arises when the taxpayer-debtor seeks to have a bankruptcy court determine his tax liability.

The IRS claims the tax litigation burden of proof should apply, thereby making Domme responsible for proving the IRS's tax assessment is incorrect, and cites several cases supporting its position. For example, in *In re Landbank Equity Corp.,* 973 F.2d 265, 269–71 (4th Cir.1992), the court stated:

> [W]e find nothing in the plain language of the Bankruptcy Code that expresses an intent to alter the burdens of proof or persuasion in the context of a disputed claim against the bankruptcy estate. When a dispute arises, the code provides that it be resolved by the bankruptcy court or, in the case of a non-"core" dispute, by the district court. Subject to some exceptions, the code expressly provides to the bankruptcy court jurisdiction to "determine the amount or legality of any tax" assessed against the debtor. *See* 11 U.S.C. § 505(a)(1).
>
> . . . .
>
> Turning to the specific question at hand, it is well established that matters of proof, such as are presented in the bankruptcy trustee's claimed tax deduction, are properly considered to be a part of the substantive tax laws.... [N]o portion of the Bankruptcy Code expresses a policy or intent to replace any aspect of the federal tax law with any special legal requirement to be applied only in the context of a bankruptcy proceeding.
>
> Thus, upon review of the code and its legislative history, we find nothing which suggests that this dispute between a taxpayer and the IRS should be decided in a manner any different from that in which the case would be determined outside the bankruptcy context.

(Citations omitted.)

In this district, however, the courts have held the bankruptcy code and rules determine whether the taxpayer-debtor or the taxing entity carries the burden of proof or persuasion. *See, e.g., In re Hudson Oil Company, Inc.,* 91 B.R. 932, 945 (Bankr. D.Kan.1988) ("in the bankruptcy context, ... the burden remains on the creditor to prove the validity of the claim"); *In re Koontz,* 71 B.R. at 610 ("the burden of persuasion by a preponderance of the evidence is" on the taxing authority). Furthermore, in *In re Fullmer,* the Tenth Circuit Court of Appeals applied the burden of proof standards set out in 11 U.S.C. § 502(a) and Fed.R.Bankr.P. 3001(f) without comment as to why the tax code's rules were not applicable. 962 F.2d at 1466.

This court finds the bankruptcy court did not err in holding the United States bore the burden of proof. It should be noted that in this case the United States did not file a claim, and therefore it does not reap the benefit of the 11 U.S.C. § 502(a) and Fed. R.Bankr.P. 3001(f) presumption.

■ Next, the United States argues the bankruptcy court abused its discretion by excluding the United States' offer of Exhibit C at trial. Exhibit C is a list of people's names and addresses to whom the district director of the IRS sent statutory notices of deficiency by certified mail. Such notice of deficiency must be sent by certified or registered mail to the taxpayer's last known address in order for the Tax Court to have jurisdiction to hear a dispute between the taxpayer and the IRS. *United States v. Zolla,* 724 F.2d 808, 810 (9th Cir.), *cert. denied,* 469 U.S. 830, 105 S.Ct. 116, 83 L.Ed.2d 59, *reh'g denied,* 469 U.S. 1067, 105 S.Ct. 550, 83 L.Ed.2d 438 (1984) ("IRS must send a notice of deficiency before it may assess, collect, or reduce to judgment most income tax liabilities"); *see also* 26 U.S.C. §§ 6212, 6213(a). Exhibit C includes Domme's name at three addresses—a post office box in Key

West, Florida; Big Spring Federal Prison Camp in Big Spring, Texas; and 1107 Lindenwood Drive in Panama City, Florida. It also indicates the notice of deficiency is for the tax years 1981 and 1982.

At trial, when Exhibit C was offered, Domme's attorney objected because it was not disclosed by the government during discovery and further argued a proper foundation had not been offered. Counsel for the United States explained that the document had not been disclosed during discovery because it was not part of the IRS's administrative file; the document had been kept in the possession of the Post Office. The bankruptcy court did not admit Exhibit C because it had not been produced during discovery, and moreover, without the testimony of the individual who did the mailing, the government had not offered a proper foundation.

The United States argues Exhibit C should have been admitted under Fed.R.Evid. 803(8) and 902(1). Rule 803 provides for hearsay exceptions and states in part:

> **(8) Public records and reports.** Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, ... unless the sources of information or other circumstances indicate lack of trustworthiness.

Rule 902 provides in pertinent part:

> Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:
>
> **(1) Domestic public documents under seal.** A document bearing a seal purporting to be that of the United States, ... or of a political subdivision, department, officer, or agency thereof, and a signature purporting to be an attestation or execution.

The United States contends Exhibit C was proffered as a domestic public document under seal pursuant to Fed.R.Evid. 902(1), "was signed by an official of the Department of Treasury, Internal Revenue Service, and is a document that is used in dispositive motions

where a taxpayer raises an issue concerning whether a notice of deficiency was mailed to the taxpayer's 'last known address'". (Appellant's Brief at 13–14.) The United States cites several cases for support, including *Hughes v. United States,* 953 F.2d 531 (9th Cir.1992). In that case the taxpayers challenged the admissibility of 4340 Forms, which are Certificates of Assessments and Payments. First, the court found the Certificates of Assessments and Payments met the definition of public records set forth in Fed. R.Evid. 803(8). 953 F.2d at 539. The taxpayers then maintained "the Forms were not legitimately certified under government seal." The IRS had used Form 2866, "Certificate of Official Record," to certify the authenticity of the 4340 Forms. The court again rejected the taxpayers' argument stating:

> The Forms are admissible as self-authenticating domestic public documents under Fed.R.Evid. 902(1) because they were certified under seal. The use of Form 2866, instead of some other certification form, does not negate the fact that the Forms are themselves deemed to be authentic under Rule 902(1). Also, the [taxpayers] have presented no evidence of any sort to support their contention that Form 2866 cannot be used to certify Form 4340. As long as the document is under seal and bears an appropriate signature, Rule 902(1) is satisfied, regardless of which certifying form actually is used.

953 F.2d at 540.

In the case before this court appellant's Exhibits A and B are 4340 Forms, certified by Form 2866. Each 2866 Form is signed by a representative of the IRS on behalf of a regional director of the IRS. At trial, the bankruptcy court admitted Exhibits A and B. In contrast, Exhibit C is a certified mailing list. According to counsel for the United States, Exhibit C is a document or form kept and maintained by the Post Office. The 2866 Form certifying that the list is an official record states: "I certify that the annexed: is a true copy of the redacted certified mailing list, PS Form 3877, listing statutory Notices of Deficiencies mailed to Sylvester A. Domme on September 24, 1986, on the file in

the Examination Support and Processing Branch consisting of one (1) page under the custody of this office." (Def.'s Trial Ex. C.) The 2866 Form is signed by B.K. Ferris, Disclosure Officer, Jacksonville District of the IRS. The list, however, is a document of the Post Office, not the IRS. Thus, in order to be admissible the list must be certified by a representative of the Post Office who has knowledge of the document's custody since the time of its creation. As stated in *Hughes, supra,* the document must be under seal and *"[bear] an appropriate signature"* before Rule 902(1) is satisfied.

Assuming Exhibit C is a public record which qualifies as an exception to the hearsay rule pursuant to Rule 803(8), it was still inadmissible because it lacked the appropriate signature necessary to be self-authenticating under Rule 902(1). Thus, this court finds the bankruptcy court did not err when it refused to admit Exhibit C.

Next, the United States argues the bankruptcy court erred in holding the United States did not make valid tax assessments against Domme. Specifically, the government maintains the bankruptcy court erred in holding that the government's certificates of assessments and payments were not presumptively correct. (See Appellant's Brief at 9.) This court has already addressed this issue. The United States chose not to file a claim against Domme in his bankruptcy proceeding, and therefore, is not allowed the presumption of validity pursuant to 11 U.S.C. § 502(a) and Fed.R.Bankr.P. 3001(f). Without the presumption of validity and additionally without the certified mailing list, Exhibit C, it is clear that the United States failed to carry its burden of proof.

Finally, the United States contends the bankruptcy court erred in holding the United States failed to prove Domme had an ownership interest in Electroglyde Industries, Inc., and the 601 East Sixth Street property. Whether Domme had an ownership interest in Electroglyde Industries or the Sixth Street property are questions of fact. This court may set aside the bankruptcy court's findings of fact only if they are clearly erroneous. After reviewing the record on appeal, this court finds the bankruptcy court's deci-

sion regarding Domme's ownership interest in Electroglyde Industries and the 601 East Sixth Street property is not clearly erroneous.

IT IS ACCORDINGLY ORDERED this 21 day of January, 1994, that the decision of the bankruptcy court should be and is hereby affirmed.