**In re Ron IMEL a/k/a Ronald D. Imel, Debtor.**

**Ron IMEL, Plaintiff,**

v.

**UNITED STATES of America, INTERNAL REVENUE SERVICE, Defendant.**

**Bankruptcy No. 93–51279–C.
Adv. No. 94–5056–C.**

United States Bankruptcy Court, W.D. Texas, San Antonio Division.

June 24, 1994.

tion was filed and eight days after the truck was sold. Transcript at p. 46.

**38**

Peter J. Stanton, Stanton & Long, San Antonio, TX, for plaintiff Ron Imel.

James H. DeAtley, U.S. Atty., Donald R. Williams, Sp. Asst. U.S. Atty., Austin, TX, for defendant.

John Patrick Lowe, Uvalde, TX, Chapter 7 Trustee.

### ORDER GRANTING MOTION TO REALIGN PARTIES

LEIF M. CLARK, Bankruptcy Judge.

CAME ON for consideration the foregoing matter. Plaintiff seeks to realign the parties in this litigation, casting the United States as the party plaintiff. Defendant United States objects.

■ As a general rule, trial courts enjoy the discretion to realign parties as necessary, according to their actual interests in the litigation. *United States v. Fidelity & Guaranty Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir.1992); *Zurn Industries, Inc. v. Acton Construction Co.*, 847 F.2d 234, 236 (5th. Cir.1988). The difficulty of proving the non-existence of facts, or of establishing facts the evidence of which is likely to be more accessible to the defendant are factors which courts have considered in the allocation of proof issues arising in bankruptcy matters. *See, e.g., In re Haggerty,* 165 F.2d 977, 979 (2d Cir.1948); *Federal Provision Co. v. Ershowsky,* 94 F.2d 574 (2d Cir.1938).

■ In the Fifth Circuit, the rule regarding the burden of proof and of going forward with the evidence in nondischargeability actions is clear: "As with all such claims, the party seeking an exception to discharge bears the burden of proof as to nondischargeability." *Hartford Casualty Insurance Company, v. Fields (Matter of Fields),* 926 F.2d 501 (5th Cir.1991); *see also Matter of Benich,* 811 F.2d 943, 945 (5th Cir.1987). Thus, even though the debtor has initiated this action, essentially seeking essentially declaratory relief, the nature of the determination is such that the creditor is the party with the true burden of proof and with the obligation to go forward with evidence. As such, it is the creditor who is more properly the plaintiff in dischargeability actions—even though it was the debtor who initiated this action and selected the forum. *See In re Domme, Jr.,* 163 B.R. 363, 366 (D.Kan.1994) (debtor filed complaint under § 523(a)(1), but court held that IRS still had the burden of proof); *but see In re Landbank Equity Corp.,* 973 F.2d 265, 269–71 (4th Cir.1992) (burden of proof in dispute over tax liability should be controlled by applicable federal tax law).

A dischargeability complaint is, in a very real sense, nothing more than a specialized form of declaratory judgment relief.[1] The

---

**1.** The Federal Rules of Bankruptcy Procedure denominate pleadings under section 523 as "complaint[s] to obtain a *determination* of the dischargeability of [a] debt." FED.R.BANKR.P. 4007(a). Neither the statute nor the rule speaks to who is the proper party to initiate such an action. The complaint to obtain a determination that a given debt is not subject to the general discharge seeks, in effect, a ruling on the efficacy of the debtor's defense, "discharge in bankruptcy," before the defense is actually urged, and in that respect closely resembles the sorts of actions available in federal district court under the Declaratory Judgment Act. *See* 28 U.S.C. § 2201(a). With regard to actions brought under that Act, Wright & Miller comment that

At times, ... there may be an actual dispute about the rights and obligations of the parties, and yet the controversy may not have ripened to a point at which an affirmative remedy is needed.... In [such] situations the declaratory judgment remedy provides a useful solution. It gives a means by which rights and obligations may be adjudicated in cases involving an actual controversy that has not reached the stage at which either party may seek a coercive remedy and in cases in which a party who could sue for coercive relief has not yet done so.... The remedy made available ... is intended to minimize the danger of avoidable loss and the unnecessary accrual of damages and to afford one threatened with liability an

issue presented, in all cases, is whether the general discharge conferred by section 727(a) will or will not effectively bar further collection efforts by a given creditor—in other words, whether "discharge in bankruptcy" will be an effective affirmative defense available to the debtor if the debtor is sued elsewhere. Suppose a lawsuit were initiated in a non-bankruptcy forum on a given, potentially non-dischargeable obligation. The debtor in such a suit would plead discharge in bankruptcy as an affirmative defense. To prove that defense would require nothing more than a presentation of the discharge order. The debtor would have no obligation to further negate all the potential grounds for nondischargeability. Instead, the burden of proving why the debtor's affirmative defense is no good would fall on the creditor, and that burden would only be sustained upon a showing that one of the exceptions to discharge applies to the creditor's claim. *In re Danns*, 558 F.2d 114, 116 (2d Cir.1977). There is no reason why the result should be any different simply because the question is raised initially by the debtor in this forum, by way of what amounts to a request for declaratory judgment. *See generally In re Burgess*, 955 F.2d 134, 136 (1st Cir.1992); *In re Foreman*, 906 F.2d 123, 126 (5th Cir.1990); *In re Belfry*, 862 F.2d 661, 662 (8th Cir.1988);

*In re Black*, 787 F.2d 503, 505 (10th Cir. 1986).[2]

Section 523(a)(1) excludes from the effect of a discharge, *inter alia*, any tax with respect to which it is found that the debtor made a fraudulent return or wilfully attempted in any manner to evade or defeat the tax. 11 U.S.C. § 523(a)(1)(C). That is precisely the contention made by the United States in its answer to this complaint. Clearly, it is up to the United States to prove its contention, and not the responsibility of the debtor to disprove it.[3] Thus, it is appropriate to realign the parties such that the United States is the party plaintiff and the debtor the party defendant. The realignment will more properly reflect the allocation of the burden of proof and the burden of going forward with the evidence.

The motion is granted. However, to minimize confusion in docketing for the clerk of the court, pleadings shall be captioned as follows: *Imel, plaintiff (realigned as defendant) v. United States, Internal Revenue Service, defendant (realigned as plaintiff)*.

So ORDERED.

early adjudication without waiting until his adversary should see fit to begin an action after the damage has accrued. It relieves potential defendants "from the Damoclean threat of impending litigation which a harassing adversary might brandish, while initiating suit at leisure—or never." [citing cases] It permits actual controversies to be settled before they ripen into violations of law or a breach of contractual duty and it helps avoid multiplicity of actions by affording an adequate, expedient, and inexpensive means for declaring in one action the rights and obligations of the litigants.

C. WRIGHT, A. MILLER & M. KANE, 10A FEDERAL PRACTICE AND PROCEDURE, § 2751, pp. 568–70 (West 1983). The comments apply with remarkable facility to actions seeking a determination of dischargeability in bankruptcy, confirming the essential nature of such actions as declaratory. And declaratory judgments may be obtained by "any interested party." 28 U.S.C. § 2201; *see also* Wright & Miller, *supra*, § 2768, at p. 747. While there are no cases that this court could find that specifically hold that this rule of standing applies as well in dischargeability actions, the similarity of such actions to declaratory judgment actions, coupled with the lack of any indi-

cation one way or the other in section 523, easily supports the sensible conclusion that debtors as well as creditors enjoy equal standing to bring dischargeability actions.

2. It is worth noting here that the issue of who bears the burden of proof comes up in declaratory judgment actions as well, because any party in interest may initiate such an action, even if the party who does so would not bear the burden of proof were the dispute to mature into actual litigation. *See* Wright & Miller, *supra*, at § 2770, p. 761. The case law construing the Declaratory Judgment Act seems generally to place at least the burden of going forward on the party who initiates the action. Once that burden is taken up, however, the party will have *ipso facto* also have assumed the risk of nonpersuasion. *Id.*, at p. 763, and cases cited therein at note 6. That reality justifies the plaintiff in this case having affirmatively sought a realignment of the parties.

3. The court understands that the rule is different in the non-bankruptcy context. *See Jones v. C.I.R.*, 903 F.2d 1301, 1303 (10th Cir.1990); *see also Welch v. Helvering*, 290 U.S. 111, 115, 54 S.Ct. 8, 9, 78 L.Ed. 212 (1933).